UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| LEE ANN HOJBERG, as Special Administrator for the Estate of Kenneth Hojberg, | ) ) ) ) | CIV. 10-4164-KES |
| Plaintiff, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY, individually and d/b/a Good Samaritan Society Albert Lea, | ) ) ) ) ) | |
| Defendant. | ) ) | |

Defendant, The Evangelical Lutheran Good Samaritan Society (Good Samaritan), moves the court to suspend the dispositive motions deadline and to allow further briefing on the issue of res judicata. Docket 17. Good Samaritan also moves the court to dismiss plaintiff's claims with prejudice because a Minnesota judgment bars this court from relitigating the issues due to res judicata. Docket 21. Plaintiff, Lee Ann Hojberg, as special administrator for the estate of Kenneth Hojberg, resists these motions. Docket 18 & Docket 23. Hojberg claims that res judicata is inappropriate in this case because the Minnesota and South Dakota causes of action involve different parties and different types of claims. For the following reasons, Good Samaritan's motion to dismiss is granted.

## BACKGROUND

Between January and May of 2008, four teenage nursing assistants who worked at the Good Samaritan Society of Albert Lea, Minnesota, engaged in systematic abuse of a number of elderly adult residents of Good Samaritan's facility. Docket 1 at 2. One of the victims of this abuse was Kenneth Hojberg. Kenneth's power of attorney brought a personal injury claim on his behalf in Minnesota state court on January 20, 2010. Docket 22-2. Three other victims of the abuse were included in that action. Three of the four victims died during the course of litigation. The claim of the fourth plaintiff was arbitrated. The causes of death are unrelated to the abuse. Docket 23 at 1-2.

After the decedents' deaths, Good Samaritan moved for summary judgment as to each of the deceased plaintiffs because it alleged that the cause of action abated under Minnesota law. The Minnesota court allowed the estates to voluntarily dismiss their claims without prejudice in Minnesota so the claims could be brought in South Dakota. The court reasoned that plaintiffs "had sought the voluntary dismissals early in the litigation and that [Good Samaritan] would not be prejudiced merely by having to defend the same claims in South Dakota federal court." *Butts ex rel. Iverson v. Evangelical Lutheran Good Samaritan Soc'y*, 802 N.W.2d 839, 840 (Minn. Ct. App. 2011). Lee Ann Hojberg then filed this cause of action on behalf of Kenneth's estate on November 8, 2010. Docket 1. In August of 2011, the Minnesota Court of Appeals reversed the

2

trial court's dismissal of the Minnesota *Butts* decision and held that Good Samaritan was entitled to summary judgment and dismissal with prejudice. *Butts*, 802 N.W.2d at 843-44. The Minnesota Supreme Court denied further review in October of 2011. Docket 22-5. The judgment and dismissal became final on November 28, 2011, when the case was dismissed with prejudice. Docket 22-6 at 1.

Meanwhile, four different actions involving the victims of the nursing abuse were pending in front of this court. In June of 2010, Good Samaritan moved to dismiss one of those cases, claiming that Minnesota, rather than South Dakota, law applied to the action. Minnesota law provided that a personal injury cause of action abates with the death of the claimant. This court denied Good Samaritan's motion on December 28, 2010, and applied South Dakota's then-existing choice-of-law rule to conclude that South Dakota had "the most significant relationship" to the claim. *Jacobs ex rel. Jacobs v. Evangelical Lutheran Good Samaritan Soc'y*, Civ. No. 10-4035, 2010 WL 5439767, at *4-6 (D.S.D. Dec. 28, 2010).

While briefing continued in the *Hojberg* matter, the court granted summary judgment to Good Samaritan in two of the other cases that were before the court. *See Butts v. Evangelical Lutheran Good Samaritan Soc'y*, Civ. No. 10-4063, ___ F. Supp. 2d ___, 2012 WL 426692 (D.S.D. Feb. 9, 2012); *Jacobs ex rel. Estate of Jacobs v. Evangelical Lutheran Good Samaritan Soc'y*, Civ.

3

No. 10-4035, ___ F. Supp. 2d ___, 2012 WL 346670 (D.S.D. Feb. 2, 2012). In the South Dakota *Butts* case the court concluded that the action could not proceed because, for several reasons, the Minnesota *Butts* decision was res judicata. *Butts*, 2012 WL 426692, at *2-3. The court determined that res judicata applied because both actions included the same parties or their privies, the same set of underlying facts, there was a judgment on the merits in Minnesota, and the parties had a full and fair opportunity to litigate their claims. *Id.* at *3-5. Good Samaritan now moves for the court to accept briefing on the issue of res judicata and to dismiss this action.

## STANDARD OF REVIEW

The standard of review for a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) or 12(c) is the same. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Federal Rule of Procedure 12(b)(6)[1] provides that dismissal is appropriate for "failure to state a claim upon which relief can be granted[.]" Fed.

---

[1] Although the court considers a number of documents outside of the pleadings, a motion to dismiss is the proper rule through which to analyze Good Samaritan's claims because the court hereby takes official notice of those documents as public records. Those documents include the Minnesota *Butts* summons and complaint (Docket 22-2), the Minnesota *Butts* Court of Appeals decision (Docket 22-4), the Minnesota Supreme Court order denying review in *Butts* (Docket 22-5), and the Minnesota District Court's final order and judgment (Docket 22-6). The court's review of these documents does not convert this motion to dismiss into a motion for summary judgment. *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.") (citation omitted).

R. Civ. P. 12(b)(6). The court will assume that all facts alleged in the complaint are true "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1959 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court construes "the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the complaint must " 'state a claim to relief that is plausible on its face.' " *Iqbal*, 129 S. Ct. at 1960 (citing *Twombly*, 550 U.S. at 570). The complaint must also contain factual allegations that raise the "right to relief above the speculative level . . . ." *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (citation omitted). The court will, however, "reject conclusory allegations of law and unwarranted inferences." *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997) (citation omitted). If "the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is [still] appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## DISCUSSION

Good Samaritan argues that res judicata bars plaintiff's claims because both the Minnesota and South Dakota causes of action involve the same parties or their privies and the same operative facts, there was a final judgment on the merits, and plaintiff had a full and fair opportunity to litigate her claim in

Minnesota. For these reasons, Good Samaritan states that the Minnesota and South Dakota claims are the same cause of action and cannot be relitigated. Hojberg claims that res judicata is not applicable because both the parties and the types of claims are distinct in each case. In the alternative, Hojberg argues that the court should apply the exception to res judicata because its application would contravene public policy.

Through the Full Faith and Credit Clause, "Congress has specifically required all federal courts to give preclusive effect to the state-court judgments whenever the courts of the State from which the judgments emerged would do so[.]" *Allen v. McCurry*, 449 U.S. 90, 96 (1980). The Eighth Circuit Court of Appeals has concluded that res judicata is a substantive issue in a diversity case and is controlled by state law. *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1043 (8th Cir. 1997) (citations omitted). "In determining which state's res judicata law applies, 'it is fundamental that the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum.' " *Id.* (citations omitted).

Because the first *Butts* cause of action was decided in Minnesota, Minnesota law will apply to the res judicata analysis. Minnesota law provides:

> A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004) (citation omitted).

Res judicata bars a subsequent claim when: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter." *Id.* (citations omitted).

### A.    The Same Factual Circumstances

The first determination is whether the two claims arise from the same set of factual circumstances. Plaintiff alleges that the Minnesota cause of action is materially different because the Minnesota claims were for civil assault and battery, intentional infliction of emotional distress, and failure to report the maltreatment of vulnerable adults. Docket 23 at 9-10. Conversely, the South Dakota action is for negligent management, negligent supervision, negligent retention, and strict liability. Docket 23 at 9-10. Good Samaritan claims that the facts identified in both the Minnesota and South Dakota complaints are the same and derive from the same conduct, and plaintiff has but one cause of action. Docket 22 at 6.

Res judicata applies not just to claims that were actually litigated but to all claims that stem from the same set of factual circumstances that could have been litigated in an earlier action. *Hauschildt*, 686 N.W.2d at 840. And "a plaintiff may not split his cause of action and bring successive suits involving

7

the same set of factual circumstances." *Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn. 1978). One test to determine whether the first action bars the second action is to ask whether the same evidence is used to sustain both actions. *Hauschildt,* 686 N.W.2d at 840-41 (citation omitted).

The Minnesota *Butts* case stems from the same set of operative facts and circumstances as the South Dakota cause of action because both are based on the nearly identical facts alleged in both complaints. Docket 22-2 at 4-5; Docket 1 at 2-3. The Minnesota and South Dakota actions arise out of the alleged tortious conduct of Good Samaritan employees that occurred from January to May of 2008, and Good Samaritan's failure to protect its residents. The South Dakota claims of negligence against Good Samaritan could have been brought in the Minnesota action. The test is not how the cases are postured, labeled, or brought against the parties, but whether the claims arise from the same set of facts and are proven with the same evidence. Plaintiff cannot split her cause of action. *Mealey*, 263 N.W.2d at 807. *See also Butts*, 802 N.W.2d at 843 ("One cause of action exists in this case, for which a court must determine the applicable law."). Because the Minnesota and South Dakota claims involve the same set of factual circumstances that are supported by the same evidence, the first prong of the res judicata test is met.

### B.   The Same Parties or Privies

The Minnesota claim also involves the same parties or privies as the South Dakota claim. Under Minnesota law, those in privity "are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." *Porta-Mix Concrete, Inc. v. First Ins. East Grand Forks*, 512 N.W.2d 119, 122 (Minn. Ct. App. 1994) (citation omitted). Privity may also exist if a person identifies an interest with another person that represents the same legal right. *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011) (citations omitted). One party is in privity with another if that person has a "controlling participation" or an "active self-interest" in the proceeding, is a successor in interest, or has interests that are represented by a party to the action. *Id.* at 119.

There is no dispute that Good Samaritan is the defendant in both Minnesota and South Dakota. The plaintiff in this action, Lee Ann Hojberg, is the special administrator of the estate of Kenneth Hojberg. Because Lee Ann is the plaintiff, she has a "controlling participation" in the action and also represents the successor in interest. Therefore, Lee Ann is in privity with Kenneth, the original wronged party. Lee Ann also had a "controlling participation" in the Minnesota action because she was Kenneth's power of attorney and directly represented Kenneth's interests and brought the claim on his behalf. Good Samaritan can establish that Lee Ann, Kenneth, and Kenneth's

9

estate are in privity or are the same party. Because both claims involve the same parties or their privies, this prong supports the application of res judicata to bar this claim.

### C.     Final Judgment on the Merits

The third prong requires the court to decide if there was a final judgment on the merits in the first case. For res judicata, a judgment is final when "the appellate process is exhausted." *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 715 N.W.2d 484, 488 (Minn. Ct. App. 2006) (citation omitted). The Minnesota Supreme Court has stated that "[s]ummary judgment is a determination on the merits." *Burma v. Stransky*, 357 N.W.2d 82, 89 (Minn. 1984) (citation omitted). Specifically, dismissal of a claim that is based on a statutory defense constitutes a decision on the merits and bars any subsequent relitigation of the same cause of action. *See Nitz v. Nitz*, 456 N.W.2d 450, 452 (Minn. Ct. App. 1990) ("A dismissal based on statute of limitations grounds is a decision on the merits, and is a bar to a second action brought under a different limitation period where the claims are substantially the same.").

In *Butts*, the Minnesota Court of Appeals determined that the lower court erred because "the district court deprived [Good Samaritan] of an existing defense" when it allowed plaintiffs to voluntarily dismiss the claim even though Minn. Stat. § 573.01 provided that plaintiffs had no viable claims following the decedents' deaths. *Butts*, 802 N.W.2d at 843. The court held that summary

10

judgment and dismissal with prejudice was appropriate because there was no dispute that the residents' deaths were unrelated to their claims of personal injuries. *Id.* After the Minnesota Supreme Court denied further review, that determination became final and a judgment was entered for Good Samaritan.[2] This is a final determination on the merits such that prong three of the res judicata analysis is satisfied.

###   D.   Full and Fair Opportunity to Litigate

The final element that must be satisfied is whether the parties had a full and fair opportunity to litigate the matter on the merits. "[W]hether a party had a full and fair opportunity to litigate a matter generally focuses on 'whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.' " *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (citation omitted). The Minnesota litigation progressed to the point of summary judgment. Plaintiff had the opportunity to argue the issue of survivability, but she chose to admit that the claims would abate under Minnesota law. *Butts*, 802 N.W.2d at 843. Plaintiff did not note any lack of due process or unfulfilled procedural hurdles that indicate

---

[2] Judgment should be entered for the successful party upon the Minnesota Supreme Court's denial of a petition for review. *See* Minn. R. Civ. App. P. 136.02; *Hoyt Inv. Co. v. Bloomington Comm. & Trade Ctr. Assocs.*, 418 N.W.2d 173, 176 (Minn. 1988).

she did not have a full and fair opportunity to litigate the claims in Minnesota. For these reasons, plaintiff had a full and fair opportunity to litigate the issue of whether the decedent's claims survived his death in the Minnesota action and any subsequent attempt to litigate it again is barred by res judicata.

Plaintiff argues that res judicata is a flexible and equitable doctrine, and the court should not apply it because its application would contravene public policy considerations. Docket 35 at 14-15. Minnesota has adopted a narrow exception to the stringent use of res judicata when its application goes against public policy. *See AFSCME Council 96 v. Arrowhead Reg'l Corr. Bd.*, 356 N.W.2d 295, 299 (Minn. 1984) ("Neither collateral estoppel nor res judicata is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy[.]"). Plaintiff claims that the public policy at issue is South Dakota's interest in ensuring that corporations doing business in the state do not operate in a harmful manner. Docket 23 at 12.

This is the type of case where res judicata should and does apply; therefore, the exception to the application of res judicata is not warranted in this case. Because all the prongs of the res judicata test have been satisfied, Hojberg has failed to state a claim upon which relief may be granted. Even taking all the facts alleged in the complaint to be true, the Full Faith and Credit Clause forbids this court to rehear an action that has been decided by the courts of Minnesota.

**CONCLUSION**

Good Samaritan established that plaintiff's South Dakota action is barred by res judicata because the factual circumstances were the same as in the Minnesota claim, both claims had the same parties or their privies, the Minnesota action constituted a final judgment on the merits, and the parties had a full and fair opportunity to litigate their claims in Minnesota. Plaintiff has failed to state a claim for which relief may be granted, and her claim is dismissed. Accordingly, it is

ORDERED that Good Samaritan's motion to dismiss (Docket 21) is granted.

IT IS FURTHER ORDERED that Good Samaritan's motion to accept briefing and suspend the dispositive motions deadline (Docket 17) is denied as moot.

Dated April 13, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

13